UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN CHARLES MEZZACAPO, | |
| Petitioner, | |
| v. | CAUSE NO.: 2:22-CV-193-PPS-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Kevin Mezzacapo, a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254. (ECF 7.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must conduct a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Mr. Mezzacapo has a complicated criminal history. Taking judicial notice of public records, I note that Mezzacapo is currently being held at the Porter County Jail awaiting trial on charges of auto theft, burglary, trespassing, resisting law enforcement, criminal mischief, and related offenses. *See State v. Mezzacapo*, No. 64D02-2203-F5-001963 (Porter Sup. Ct. filed Mar. 8, 2022). In the present petition, he challenges a 2020 theft conviction in Porter County. *State v. Mezzacapo*, No. 64D02-2204-F6-3077 (Porter Sup. Ct. closed Nov. 20, 2021). He pled guilty and in December 2020 was sentenced to 365 days in prison, but the sentence was suspended pending his successful completion of a period of probation. *Id.* In March 2021, he was charged with a new domestic battery

offense, which also triggered probation revocation proceedings in the theft case. *See id.*; *State v. Mezzacapo*, No. 64D02-2204-F6-2540 (Porter Sup. Ct. closed Dec. 20, 2021). In November 2021, he pled guilty to the domestic battery offense, resulting in the imposition of a civil fine in that case and the revocation of his probation in the theft case. *Id.* The judge in the theft case sentenced to him "244 actual days/time served." (ECF 7 at 1.)

In July 2022, he sought federal habeas relief. Both his original and first amended petitions were stricken as deficient. In his second amended petition (the present filing), he asserts four claims, which I paraphrase as follows: (1) there was "official misconduct" in the probation revocation proceeding because the "'alleged' victim" did not want to press charges; (2) an error occurred in revoking his probation because the theft conviction had already been "dismissed"; (3) violations of state law occurred in connection with the imposition of his sentence; and (4) his attorney was deficient. (ECF 7 at 3-4.) He acknowledges that he did not present any of these claims to the Indiana Supreme Court. (*Id.*)

As a preliminary matter, it is not clear that Mr. Mezzacapo is "in custody" pursuant to the theft conviction, which is a threshold requirement for challenging the conviction under 28 U.S.C. § 2254. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). He states that the court imposed a sentence of 244 days "time served" when his probation was revoked, which I presume to mean that he did not serve any additional prison time as a result of the revocation. But even if was sentenced to serve 244 days in custody on November 17,

2

2021, by my calculation he would have served that time as of July 2022. A petitioner cannot use 28 U.S.C. § 2254 to challenge a conviction when he has "already served the entirety of his sentence." *Coss*, 532 U.S. at 401.

Nevertheless, given the complexity of his criminal history and the apparent interrelation between his convictions and probation revocations,[1] I will presume for purposes of this opinion that he is facing some "collateral consequence" of the theft conviction such that he can challenge it under § 2254. *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022). I will also presume for purposes of this opinion that the petition contains some federal claim, such as denial of his Sixth Amendment right to counsel or voluntariness of his guilty plea under the Fifth Amendment; but his allegations about violations of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004).

As to his cognizable federal claims, it is evident that they are unexhausted. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the court must ensure that the petitioner has exhausted all available remedies in state court before considering the merits of any claim. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of

---

[1] In addition to the two convictions referenced here and the charges pending against him, public records reflect he has a prior domestic battery conviction with a suspended sentence of incarceration and a term of probation that was subsequently revoked. *See State v. Mezzacapo,* No. 64D04-1611-F6-010767 (Porter Sup. Ct. closed Aug. 2, 2017).

their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claim in one complete round of state review. *Boerckel*, 526 U.S. at 845; *Hoglund*, 959 F.3d at 832-33. This includes seeking discretionary review in the state court of last resort, which in Indiana is the Indiana Supreme Court. *See Boerckel*, 526 U.S. at 848.

Here, it is evident from the petition that Mr. Mezzacapo has not yet presented any of his claims in one complete round of state review. Although he may be out of time for pursuing a direct appeal, he still has a remedy available under the state post-conviction statute. *See* IND. POST-CONVICT. R. 1(1)(a)(5) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . . that his . . . probation, parole or conditional release [was] unlawfully revoked . . . may institute at any time a proceeding under this Rule to secure relief."). An adverse decision by the trial court can be appealed through ordinary procedures applicable to civil judgments. *See* IND. POST-CONVICT. R. 1(7).

When asked to explain why he did not present his claims to the Indiana Supreme Court, Mr. Mezzacapo asserts that "circumstances exist that render such process ineffective to protect the rights of the applicant." (ECF 7 at 3-4.) He appears to be quoting directly from 28 U.S.C. § 2254(b)(1)(B)(ii), which creates an exception to the exhaustion doctrine where state processes are ineffective. That provision applies in extreme circumstances, for example, where an inmate's post-conviction petition sits dormant for years for reasons attributable to the state. *See Sceifers v. Trigg*, 46 F.3d 701,

703-04 (7th Cir. 1995). Beyond broadly invoking § 2254(b)(1)(B)(ii), Mr. Mezzacapo does not provide any explanation as to why the state process is ineffective to protect his rights. There has been no delay in the state proceedings: he simply hasn't pursued state post-conviction relief. Because he has not exhausted his available state court remedies, the petition is subject to dismissal under 28 U.S.C. § 2254(b)(1)(A).

Before dismissing a habeas corpus petition as unexhausted, I must consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). I must bear in mind, however, that a stay is permitted in only "limited circumstances," because if stays were employed too frequently the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, a stay is warranted only if the petitioner can establish good cause. *Id.*

In this case, a dismissal would not necessarily end Mr. Mezzacapo's opportunity to seek federal habeas relief. His probation was revoked on November 17, 2021, and the factual basis for his claims arose on that date, triggering the start of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). At present, he has a little over 45 days remaining on the one-year clock, and the federal deadline would be tolled during the time he has a properly filed collateral attack pending in state court. 28 U.S.C.

5

§ 2244(d)(2). If he acts diligently, he should have sufficient time to exhaust his available state court remedies and return to federal court before expiration of the deadline.

I also consider that Mr. Mezzacapo has not expressly asked for a stay or demonstrated good cause for failing to present his claims to the state courts before seeking federal habeas relief. It appears he would prefer to proceed directly to federal court, but "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274 (citation omitted). Therefore, I will not enter a stay and will instead dismiss the petition without prejudice.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny Mr. Mezzacapo a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I find no basis to conclude that reasonable jurists would debate my procedural ruling, as it is clear from the petition that Mr. Mezzacapo has not exhausted his available state court remedies. Therefore, he will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the amended petition (ECF 7) without prejudice;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED**.

ENTERED: September 27, 2022

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT